**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>HENRY BOTTCHER<br><br>Debtor.<br>_____<br><br>HENRY BOTTCHER,<br><br>Plaintiff<br><br>v.<br><br>EMIGRANT MORTGAGE COMPANY, INC.,<br><br>Defendant. | Chapter 7<br>Case No. 09-45519-MSH<br><br><br><br><br><br><br>Adv. Proc. No. 10-04119 |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Before me is the motion of the defendant Emigrant Mortgage Company, Inc. to dismiss this adversary proceeding.

**Background**

The plaintiff, who is the Debtor in the main bankruptcy case, refinanced his home mortgage loan with the defendant lender on December 7, 2007. In his complaint, the plaintiff alleges that this transaction violated the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws. ch. 140D (the "MCCCDA"), the state's version of the federal Truth in Lending Act, entitling him to rescission, which he purports to have effectuated on December 14, 2009. The complaint seeks to enforce the rescission, seeks related relief under the Massachusetts Consumer Protection Act, Mass. Gen. Laws. ch. 93A ("Chapter 93A") and seeks a determination that the plaintiff's obligation to the defendant is an unsecured debt.

1

**Subject Matter Jurisdiction**

The defendant seeks dismissal of this adversary proceeding for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), made applicable by Fed. R. Bankr. P. 7012.  The defendant asserts that the plaintiff's claims are within neither this Court's core nor "related to" jurisdiction.  The defendant argues that this is not a core proceeding because none of the causes of action asserted in the complaint are created or determined by a statutory provision of the Bankruptcy Code.  The defendant's interpretation of core jurisdiction is overly restrictive.

Although all the plaintiff's causes of action are based on state law, most of them effectively serve as objections, pursuant to 11 U.S.C. (the Bankruptcy Code) §§ 502 and 506, to the defendant's proof of claim filed in the main case on April 29, 2010.  The plaintiff's allegations in Counts I through III that he validly rescinded his mortgage loan have a direct impact on the validity and secured treatment of the defendant's claim and thus constitute objections pursuant to Bankruptcy Code § 502.  Count IV of the complaint seeks a determination of the extent to which the defendant's claim is secured and is thus a request to determine secured status under Bankruptcy Code § 506.  Thus, the relief requested in Counts I through IV of the complaint, including so much of Count II as seeks rescission, fall foursquare within the core jurisdiction of this Court over the claims allowance process under 28 U.S.C. 157(b)(2)(B) and to determine the validity, extent or priority of liens under 28 U.S.C. § 157(b)(2)(K).

The plaintiff's remaining claims, for damages under the MCCCDA and enhanced damages under Chapter 93A (Count II) and for violations of Chapter 93A (Count V) are the functional equivalent of counterclaims to the defendant's proof of claim.  A proof of claim is a form of action to collect a debt, Coxson v. Commonwealth Mortgage Co. of Am., L.P. (In re Coxson), 43 F.3d 189, 194 (5th Cir.1995).  While Congress included counterclaims to proofs of claim within

2

the definition of core proceedings in 28 U.S.C. § 157(b)(2)(C), courts have limited this definition to counterclaims that are factually and legally related to the claim being asserted in a proof of claim.  See In re Marshall, 600 F.3d 1037, 1056-57 (9th Cir. 2010), cert. granted, -- S. Ct. --, 79 U.S.L.W. 3092 (U.S. Sept. 28, 2010) (No. 10-179);[1] Bankruptcy Servs. v. Ernst & Young (In re CBI Holding Co.), 529 F.3d 432, 460-61 (2d Cir. 2008).   In this case, the plaintiff's MCCCDA and Chapter 93A claims arise from the same loan as, and are factually and legally related to, the loan that gives rise to the defendant's proof of claim.   Accordingly, this Court has core jurisdiction over Counts II and V of the complaint.   See In re Cooley, 362 B.R. 514, 519 (Bankr. N.D. Ala. 2007) (deeming debtor's adversary proceeding truth in lending claims to be counterclaims over which the bankruptcy court had core jurisdiction).

**Standing**

The defendant also argues that the plaintiff does not have standing to pursue this adversary proceeding because in a Chapter 7 case, the Chapter 7 trustee "steps into the shoes of the debtor" for the purpose of asserting this type of action.   The defendant cites Augustin v. Danvers Bank, 486 F. Supp. 2d 99, 103 (D. Mass. 2007), for the proposition that the plaintiff's prepetition truth in lending claim is an asset of the estate that must be asserted by the Trustee.   While the plaintiff's claims did indeed arise prepetition, and therefore became property of his bankruptcy estate, the analysis does not end there.

If a debtor can show that a prepetition cause of action is exempt from the bankruptcy estate, then he has standing to assert that cause of action to the extent of the exemption even if the trustee has not abandoned the estate's interest in the claim.   Wissman v. Pittsburgh National Bank, 942

---

[1] One of the questions pending before the Supreme Court in this case is whether Congress may constitutionally authorize core jurisdiction over debtors' compulsory counterclaims to proofs of claim.

F.2d 867, 870 (4th Cir. 1991).   Of course, if the plaintiff fails to claim an exemption in the cause of action, then the entire cause of action remains property of the estate.   Rowland v. Novus Financial Corp., 949 F. Supp. 1447, 1453-54 (D. Haw. 1996).

The plaintiff in the present case does not mention in his complaint whether the claims in this adversary proceeding have been declared exempt.   Because in a motion to dismiss a court may take judicial notice of the "entire record in the bankruptcy case and this adversary proceeding," In re Sunshine Three Real Estate Corp., 426 B.R. 6, 10 (Bankr. D. Mass. 2010), I have reviewed Schedule C to the bankruptcy petition in the main case and determined that the plaintiff claimed exemptions in his real property as well as $16,500 of claims against the defendant for violations of the MCCCDA.   Neither the Chapter 13 Trustee (before the case was converted) nor the Chapter 7 Trustee objected to either of these exemptions, so the exemptions are deemed valid.   Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992).   Because the plaintiff has exempted the property and the first $16,500 of recovery on his claims, he is a real party in interest and has standing to bring this action.   Wissman, 942 F. 2d at 870.   If the plaintiff is successful, the Chapter 7 Trustee will be entitled to receive a portion of any recovery over and above that amount.   Schwab v. Reilly, -- U.S. --, 130 S. Ct. 2652, 2669, 177 L. Ed. 2d 234 (2010).

### Failure to State a Claim for Relief

Finally, the defendant argues that in his complaint the plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012.   In deciding a motion to dismiss under Rule 12(b)(6), a court must review the complaint and the documents attached to it to determine if the complaint contains sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.   Bell Atlantic v. Twombley, 550 U.S. 544, 570, 127 S. Ct. 1955, 1966, 167

L. Ed. 2d 929 (2007); Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). A court must accept as true the factual allegations of the complaint but not the legal conclusions, even if couched as facts. Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1947, 173 L. Ed.2d 868 (2009). Recitations of the elements of a cause of action supported only by legal conclusions are insufficient to withstand a motion to dismiss. Id.

In Count I, the plaintiff alleges that the defendant violated the MCCCDA by overstating the annual percentage rate ("APR") of the mortgage loan and the related finance charge on the Truth in Lending disclosure statement that he received in connection with the closing of the loan, thereby entitling him to rescind the loan transaction. While MCCCDA § 10 permits the rescission of certain improperly-disclosed transactions for a period of four years after the consummation of the loan, it does not allow a borrower to rescind because of *overstatements* of the APR or finance charge.

MCCCDA § 10(i)(2) provides that for purposes of exercising rescission rights after the initiation of a foreclosure process, "the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for the purposes of this section if the amount disclosed as the finance charge . . . is greater than the amount required to be disclosed under this chapter." Borrowers facing foreclosure may not, therefore, rescind a loan because of an overstatement of a finance charge.

Since the complaint does not allege whether the foreclosure process had begun when the plaintiff attempted to rescind the loan, this statutory provision does not necessarily resolve the matter. Other sections of the MCCCDA, however, make it clear that regardless of the pendency of foreclosure, the overstatement of the finance charge or the APR does not violate the statute.

Section 4(f)(1)(b) provides that overstated finance charges are considered accurate for the purpose of the truth in lending disclosure. Section 5(c) allows for APR disclosures to be within one eighth of one percent of the actual APR, but authorizes the commissioner of banks to promulgate regulations permitting a greater tolerance of error. The corresponding regulation, 209 Mass. Code Regs. § 32.22(1)(d)(2), states that a disclosed APR will be considered accurate for the purpose of rescission if the "disclosed finance charge would be considered accurate" under 209 Mass. Code Regs. § 32.23(7) or (8). Sections 32.23(7) and (8) allow the disclosed finance charge to be considered accurate, whether or not a foreclosure is pending, if it is "greater than the amount required to be disclosed." The plaintiff, therefore, fails in Count I to state a claim for rescission of the loan transaction because that remedy is unavailable when the disclosed finance charge and APR are greater than the actual costs of the loan.

In Count II of the complaint, the plaintiff alleges that since the defendant failed to provide him with a compliant notice of his right to cancel the transaction, he retained the right to rescind the loan transaction until three days after the form (in duplicate) was eventually provided. The plaintiff alleges that he did not receive the requisite two copies of the notice at the closing on December 7, 2007. At the closing, the plaintiff acknowledges that he signed two copies of the notice, but alleges that these copies contained an added "confirmation certificate" post dated to December 12, 2007, indicating that the plaintiff had waived his right to rescind.[2] According to the complaint, these were the only copies that the plaintiff received, and he received them after the closing had been completed. The plaintiff claims that because he never received a proper notice

---

[2] The defendant suggests that it is a common practice in refinancing transactions for the closing attorney to offer to hold such a rescission notice in escrow pending expiration of the rescission period to save borrowers an additional trip to the closing attorney's office to sign the confirmation certificate.

6

of the right to rescind, namely one that did not already contain a pre-signed waiver, Mass. Gen. Laws ch. 140D, § 10 gave him an extended right to rescind the transaction until three days after he received the proper notice.

The plaintiff claims to have exercised his right of rescission by notice dated December 14, 2009. A copy of this notice is attached as part of an exhibit to the complaint. The plaintiff does not indicate the origin of this copy of the notice of the right to cancel, or when he received it, yet he alleges that to this day he has never received a proper form of notice of right to cancel. For the purpose of a motion to dismiss I must rely on the facts alleged in the complaint and its attachments. Based on the plaintiff's allegation that he never received a proper notice of his right to cancel, the logical inference to be drawn is that the December 14, 2009 notice which the plaintiff sent to the defendant was created by the plaintiff's taking the only notice he did receive, namely the one containing the pre-signed waiver, and altering it by removing the waiver language. Since this supports a plausible claim, I must deny the motion to dismiss Count II of the complaint.

The remaining counts of the complaint, Count III, alleging the defendant's failure to rescind, Count IV, seeking to determine the secured status of the loan, and Count V, alleging Chapter 93A violations, are each dependant on whether Count II survives. Since Count II does survive, each of these additional counts states a plausible claim for relief and thus the defendant's motion to dismiss them will be denied.

## Conclusion

The defendant's motion to dismiss is allowed as to Count I of the complaint and denied as to Counts II through V. A separate order shall issue. A pretrial order shall enter establishing deadlines and setting this matter down for trial on the following issues: (i) whether the plaintiff received a proper notice of the right to cancel; (ii) whether the plaintiff's attempted rescission was

effective and (iii) for a determination of the appropriate conditions to impose on the plaintiff in exercising any right to rescind. See Wells Fargo Bank v. Jaaskelainen, 407 B.R. 449, 458-59 (D. Mass. 2009).

Dated: November 24, 2010                                By the Court,

                                                        /s/ Melvin S. Hoffman
                                                        _____
                                                        Melvin S. Hoffman
                                                        U.S. Bankruptcy Judge