UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>HENRY BOTTCHER<br><br>Debtor.<br><br>HENRY BOTTCHER,<br><br>Plaintiff<br><br>v.<br><br>EMIGRANT MORTGAGE COMPANY, INC.,<br><br>Defendant. | Chapter 7<br>Case No. 09-45519-MSH<br><br><br><br><br>Adv. Proc. No. 10-04119 |

**MEMORANDUM OF DECISION ON DEFENDANT'S
MOTION TO ALTER OR AMEND ORDER**

The defendant Emigrant Mortgage Company, Inc. has moved to alter or amend my order dated November 10, 2010 entering a preliminary injunction barring the defendant from enforcing its claims against the plaintiff other than through this adversary proceeding.

**Background**

The plaintiff, who is the debtor in the main bankruptcy case, refinanced his home mortgage loan with the defendant lender on December 7, 2007. In his complaint, the plaintiff alleges that the defendant violated the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws. ch. 140D (the "MCCCDA"), the state's counterpart to the federal Truth in Lending Act, entitling the plaintiff to rescind the loan, which he claims to have accomplished on December 14, 2009.

1

The complaint seeks to enforce the rescission, seeks related relief under the Massachusetts Consumer Protection Act, Mass. Gen. Laws. ch. 93A ("Chapter 93A") and seeks a determination that the plaintiff's obligation to the defendant is an unsecured debt. The plaintiff also moved to reimpose the automatic stay to prevent the defendant from foreclosing the mortgage on his home while this matter is pending. Having previously granted the defendant relief from the automatic stay in the main case, I treated the plaintiff's motion to reimpose as a motion for a preliminary injunction. The hearing on this motion took place on November 10, 2010, two days before the defendant's foreclosure sale of the plaintiff's home was scheduled to occur. On November 10, 2010 I entered a preliminary injunction against the defendant. On November 19, 2010, the defendant filed a motion to alter or amend my order granting the preliminary injunction, which I treated as a motion for reconsideration of that order to provide the parties an opportunity to submit additional evidence concerning the likelihood that the plaintiff would succeed on his claims. An evidentiary hearing on the motion to alter or amend took place on December 2, 2010. In support of its motion, the defendant introduced the affidavit of James A. Raborn, a first vice president of the defendant, with supporting documents. The plaintiff testified in support of maintaining the preliminary injunction and responded to the evidence introduced by the defendant. Based on the affidavit submitted by the defendant, the plaintiff's testimony and the other matters in the record, I must deny the motion to alter or amend. This memorandum sets forth both the basis for my initial order granting the preliminary injunction and my decision not to amend that order.

### Standard for Injunctive Relief

In order to obtain a preliminary injunction, the requesting party must demonstrate that (i) there is a likelihood of success on the merits of his claim; (ii) that he will suffer irreparable harm if the injunction is not granted; (iii) that the harm to the requesting party if the injunction is not

2

granted is greater than the harm to the opposing party if it is granted; and (iv) that the public interest would not be adversely affected by the issuance of the injunction.  See Sunshine Development, Inc. v. F.D.I.C., 33 F.3d 106, 110-11 (1st Cir. 1994).   The question of whether the plaintiff is likely to succeed on the merits of his complaint is the critical factor to be determined. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6 (1st Cir. 1991).

The key question, therefore, is whether the plaintiff is likely to succeed on Count II of his complaint in which he alleges that the defendant's failure to provide him with a proper notice of his right to cancel his loan transaction in compliance with the MCCCDA gave him the right to rescind the loan two years later.   If the plaintiff is likely to succeed on Count II, it follows that he will likely succeed on the remaining counts of the complaint — Count III, alleging the defendant's failure to return to the plaintiff the amounts he paid in points and fees in connection with his mortgage loan, as is required by the MCCCDA following a valid rescission, Count IV, seeking to determine the secured status of the loan, and Count V, alleging Chapter 93A violations. [1]

**Analysis**

In consumer loan transactions such as the plaintiff's mortgage loan, the borrower may rescind the loan until midnight of the third business day after receiving certain disclosure and rescission forms from the lender.  MCCCDA § 10(a).  Typically, these documents are provided to the borrower at the loan closing, giving the borrower until three business days thereafter to rescind.  If, however, the documents are not provided or do not comply with the statutory requirements, then the rescission period is extended until three days after a compliant disclosure form is eventually provided to the borrower.  Id.; see McKenna v. First Horizon Home Loan

---

[1] Upon motion of the defendant, I dismissed Count I of the complaint by order dated November 24, 2010.

3

Corp., 475 F.3d 418, 421 (1st Cir. 2007) (explaining the extended right to rescind in federal TILA cases and that the rescission process is the same under the MCCCDA).

    In the present case, the plaintiff alleges that he never received a compliant form of the notice of his right to cancel the loan and as a result he had an extended right to rescind the loan, which he properly exercised on December 14, 2009. To support this claim, the plaintiff attached to his complaint duplicates of a form entitled "Notice of Right to Cancel," the top portion of which appears to replicate the form promulgated by the Federal Reserve and which is required by the MCCCDA. 209 Mass. Code Regs. § 32.47(3)(d); 12 C.F.R. 226 App. H. This top portion of the form notifies the borrower of the time period and method by which to rescind the loan and contains a signature line, dated December 7, 2007, for the plaintiff to acknowledge receipt of two copies of the notice in accordance with the MCCCDA. The signature line on each copy is unsigned. At the bottom of the form is an additional section, not included in the Federal Reserve's form, entitled "Confirmation Certificate." Though the bottom portion of each copy submitted to the Court is difficult to read, the plaintiff's testimony, as confirmed by the defendant in a memorandum in support of its prior motion to dismiss, establishes that the Confirmation Certificate is an acknowledgement by the borrower, intended to be executed three business days after the loan closing, that he has not in fact exercised his right to rescind. The plaintiff alleges that even though each Confirmation Certificate is dated December 12, 2007 (three business days after the loan closing), he signed them at the closing on December 7th. In its memorandum supporting its earlier motion to dismiss, the defendant acknowledges this as a "common practice of refinancing wherein closing attorneys *offer* to hold the [notices of right to cancel with signed Confirmation

Certificates] in escrow pending expiration of the rescission period to save customers an additional trip to the office to sign the forms." (emphasis in original).

The affidavit of Mr. Raborn, first vice president of the defendant, states that the defendant's "Post-Closing Department," which reviews for completeness all packages received from closing attorneys, reviewed the documents received from the plaintiff's closing and noted that the plaintiff had failed to execute the "top half" of the notice of right to cancel. At the hearing on this motion, the defendant's attorney clarified that the form initially received by the defendant's Post-Closing Department included the plaintiff's signature on the Confirmation Certificate at the bottom of the form, but not in the section above (i.e. the "top half") acknowledging receipt of the notice. According to Mr. Raborn, the Post-Closing Department notified the closing attorney of this deficiency and in response the attorney sent a properly executed form of notice. Mr. Raborn attached a copy of that notice to his affidavit which contained the plaintiff's signature in the upper section acknowledging receipt of two copies of the notice on December 7, 2007, the date of the loan closing.

All the evidence taken together demonstrates that the plaintiff signed at least three copies of the notice of right to cancel at the December 7, 2007 closing. One copy contained his signature on the top portion acknowledging receipt of the forms, and the other two bore his signature on the Confirmation Certificate at the bottom acknowledging that the rescission period had already passed.

The plaintiff's uncontroverted testimony established that the only time he signed documents was at the closing. By requiring the plaintiff to sign at the closing both the acknowledgment of his receipt of the notice of right to cancel and the Confirmation Certificate that

5

the rescission period had expired, the defendant appears to have violated the MCCCDA.  In recent years, two courts in this district have ruled that by requiring a borrower to sign a post-dated acknowledgment of the running of the three-day rescission period a lender violates the MCCCDA thereby giving the borrower an extended right of rescission.  Tenney v. Deutsche Bank Trust Corporation, 2009 WL 415510 at *3-4 (D. Mass. 2009); Rodrigues v. Members Mortgage Co., 323 F. Supp. 2d 202, 207-09 (D. Mass. 2004).  In their decisions, both Judge Saylor and Judge Saris conceded the absence of impropriety where a bank presents a borrower with a confirmation certificate to be executed *after* the running of the three-day rescission period.  Where the bank asks the borrower to sign the confirmation certificate at the closing, however, "the practice is particularly confusing because a reasonable borrower might not understand that despite signing the confirmation he still had the right to rescind in the three day cooling off period."  Rodrigues, 232 F. Supp. 2d at 209.  This constitutes a failure to "provide clear and conspicuous notice of the right to rescind" in violation of TILA and the MCCCDA.[2]  Tenney, 209 WL 415510 at *4; see 12 C.F.R § 226.23(b)(1); 209 Mass. Code Regs. § 32.23(2).

    Tenney and Rodrigues are well-reasoned and convincing.  A lender's requiring a consumer borrower to sign a post-dated confirmation certificate or similar document anticipatorily acknowledging the expiration of the three-day rescission period and confirming that he has chosen not to exercise the right to rescind the loan when that right still exists, is a recipe for confusion and misunderstanding.[3]  Accordingly, I find that the plaintiff is likely to succeed in his claims in

---

[2] In Tenney, Judge Saylor held that requiring the borrower to sign a confirmation certificate at the closing was a violation of TILA and its applicable regulations, and that the parties agreed that the analysis was identical under the MCCCDA, so the TILA violation also constituted an MCCDA violation.  Tenney, 2009 WL 415510 at *3.

[3] In addition, asking the borrower to sign a confirmation certificate at the closing may be

6

Count II of his complaint that the defendant failed to provide him with adequate notice of his right to cancel his loan and that he had the right to rescind the loan in December, 2009.

As far as the remaining elements requisite to granting a preliminary injunction, I find that the plaintiff will suffer irreparable harm if his house is sold at foreclosure while he seeks to enforce the rescission of his mortgage loan. A foreclosure would undermine the primary objective of this adversary proceeding and leave the plaintiff without an adequate remedy. While it is possible that the value of the plaintiff's property may depreciate as this case proceeds (although the defendant offered no evidence on this point), I find that any potential detriment to the defendant from depreciation is outweighed by the enormity of the harm to the plaintiff from a foreclosure sale. Finally, I find that it is in the public interest to ensure that lenders foreclose on properties only when they have the right to do so, and certainly not when the underlying loan may have been validly rescinded. Also, the neighbors surrounding the plaintiff's property will likely benefit if foreclosure can be avoided.

## Conclusion

In light of the foregoing, I will deny the defendant's motion to alter or amend my November 10, 2010 order entering a preliminary injunction. A separate order shall issue.

Dated: December 22, 2010                                                    By the Court,

                                                                             Melvin S. Hoffman
                                                                             U.S. Bankruptcy Judge

---

construed as an impermissible waiver of the right to cancel in violation of 12 C.F.R. § 226.15(e), which permits waivers of the right to rescind only if the extension of credit is "needed to meet a bona fide personal financial emergency." Tenney, 2009 WL 415510 at *4 n. 8;